UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| METRO-NORTH COMMUTER RAILROAD COMPANY<br><br>       Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA<br><br>       Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this action against the defendant, the United States of America ("United States"), under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. and 28 U.S.C. § 1346 et seq., for money damages for loss of property resulting from a motor vehicle accident caused by the negligence of an employee of the U.S. Postal Service during the scope of his employment.

### JURISDICTION

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b).

### CONDITIONS PRECEDENT

3. The plaintiff presented a timely claim for damage to the U.S. Postal Office by letter dated November 16, 2011, seeking reimbursement of $21,177.62 in property damage.

1

4. The U.S. Postal Office denied the plaintiff's claim for damage by letter dated December 12, 2011.

5. The plaintiff submitted a letter of reconsideration dated January 19, 2012.

6. By letter dated April 27, 2012, the U.S. Postal Service issued a final disposition, attached hereto as "Exhibit 1," denying the plaintiff's claim for damage.

7. The plaintiff has fully complied with the provisions of 28 U.S.C. § 2675(a) of the Federal Tort Claims Act.

## VENUE

8. The motor vehicle accident giving rise to this action having occurred in Westport, Connecticut, this Court has venue pursuant to 28 U.S.C. 1402(b).

## PARTIES

9. The plaintiff, Metro-North Commuter Railroad Company ("Metro-North"), is a public benefit corporation that operates a commuter railroad and has offices in New York and Connecticut.

10. The U.S. Postal Office is an agency of the defendant, the United States, with offices at 24 Research Parkway, Wallingford, Connecticut 06492.

## FACTS

11. At all relevant times, Rian Gauthier, of Fall River, Massachusetts, was operating a vehicle, VIN 1FUYDZYB5TP607808, owned by Gauthier Transportation, LLC of Fall River, Massachusetts.

12. At all relevant times, Brian Butler was employed by the plaintiff and was operating a vehicle, VIN 1FTSE34L07DB34557, owned by Danella Rental Systems, Inc., of Plymouth Meeting, Pennsylvania, and leased to the plaintiff.

13. At all relevant times, Daniel Perry was employed by the U.S. Postal Service and was operating a vehicle, VIN 1HTMKAAN85H690636, owned by the U.S. Postal Service.

14. At all relevant times, Daniel Perry was acting within the scope of his employment with the U.S. Postal Service.

15. On November 1, 2011, at or around 4:14 a.m., Rian Gauthier was traveling in the center lane on I-95 North, south of Exit 18 in Westport, Connecticut.

16. On November 1, 2011, at or around 4:14 a.m., Brian Butler was traveling in the center lane on I-95 North, south of Exit 18 in Westport, Connecticut, behind the vehicle being operated by Rian Gauthier.

17. On November 1, 2011, at or around 4:14 a.m., Daniel Perry was traveling in the right lane on I-95 North, south of Exit 18 in Westport, Connecticut.

18. On November 1, 2011, at or around 4:14 a.m., the vehicle being operated by Daniel Perry crossed from the right lane into the center lane and struck the vehicle being operated by Brian Butler and pushed that vehicle into the rear of the vehicle being operated by Rian Guathier and then into the center median.

## FEDERAL TORT CLAIMS ACT CLAIM

19. Paragraphs 11-18 above are hereby incorporated as though fully set forth herein.

20. The collision described herein was caused by the carelessness and negligence of Daniel Perry in that:

    a. he failed to keep a reasonable and proper lookout for other vehicles on the road;

    b. he operated a motor vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highway, in violation of Conn.

Gen. Stats. § 14-218a;

c. he failed to keep his vehicle under proper and reasonable control;

d. he failed to sound the horn or give timely warning of the impending collision;

e. he was inattentive in the operation of the vehicle;

f. was not watchful of his surroundings;

g. he failed to apply his brakes in time to avoid the collision, although by a proper and reasonable exercise of her facilities he could and should have done so;

h. he failed to turn his vehicle to the right or left in order to avoid the collision, although by a proper and reasonable exercise of his facilities he could and should have done so;

i. he failed to keep his vehicle entirely within a single lane of travel;

j. he moved his vehicle from the right lane to the center lane without having first ascertained that such movement could be made safely, in violation of Conn. Gen. Stats. § 14-236.

21. As a result of Daniel Perry's carelessness and negligence, the plaintiff sustained property damage in the amount of $21,177.62.

WHEREFORE, the plaintiff seeks monetary damages in the amount of $21,177.62.

THE PLAINTIFF,
METRO-NORTH COMMUTER RAILROAD
COMPANY


By: /s/
    Beck S. Fineman, Esq., (CT27648)
    Ryan Ryan Deluca, LLP
    707 Summer Street
    Stamford, CT   06901
    Facsimile:  203-357-7915
    Phone No. 203-357-9200

I:\procases\214.030\Complaint.doc